EDDINGTON v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Term. April 10, 1908.)

1. MASTER AND SERVANT—INJURY TO SERVANT—DEFECTIVE APPLIANCES—NOTICE.

Plaintiff was handed a defective chain by his employer's master mechanic, with instructions to use it in removing an armature. While so using the chain it broke, and plaintiff was injured. It sufficiently appeared that the employer had notice of the defect in the chain. Held, that plaintiff could recover under Employer's Liability Act, Laws 1902, p. 1748, c. 600; he having properly served the notice of injury required thereby.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 806.]

2. SAME—ACTION FOR INJURIES—NOTICE OF INJURY—EMPLOYER'S LIABILITY ACT.

In an action by a servant for injuries under the employer's liability act, a notice of injury as follows: "Notice is hereby served upon you, pursuant to chapter 600, p. 1748, of the Laws of 1902, that William Eddington was injured while in your employ at your place of business in the Union Railway Shed, West Farms, on the 16th day of June, 1904, by hav-

ing an. armature fall on him while working in a pit" is sufficient in form under the statute.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 806.]

Appeal from City Court of New York, Trial Term.

Personal injury action by William Eddington against the Union Railway Company of New York City. From an order setting aside a verdict for plaintiff and granting a new trial, plaintiff appeals. Reversed, and judgment reinstated.

The notice of injury referred to is as follows:

"To the Union Railway Company of New York City:

"Notice is hereby served upon you, pursuant to chapter 600 of the Laws of 1902, that William Eddington was injured while in your employ 'at your place of business.in the Union Railway Shed, West Farms, on the 16th day of June, 1904, by. having an armature fall on him while working in a pit.

"William Eddington,

"By J. Campbell Thompson, Attorney for Plaintiff. ·

"Office & Post Office Address: 63 Wall Street, Manhattan Borough, New York City."

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

J. Campbell Thompson (Milton Dammann, of counsel), for appellant. Bayard H. Ames, for respondent.

PER CURIAM. Plaintiff was handed a chain by defendant's master mechanic, with instructions to use it in taking out an armature. . While engaged in the performance of that work the chain broke, and plaintiff was injured. The chain was defective, and the evidence was sufficient to charge the defendant with notice of the defect. Two of his fingers were fractured, one being permanently injured, and he was unable to work for six months. Defendant offered no testimony, and denied receiving notice under Employer's Liability Act, Laws 1902, p. 1748, c. 600. The notice was proper in form, and proof of due service by mail was uncontradicted.

Order setting aside the verdict reversed, with $10 costs and disbursements, and judgment reinstated, with costs.